## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| FRANCISCO FLORES-TORRES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   11-cv-1223 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

Before the Court is Petitioner Francisco Flores-Torres' Pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1).  On March 13, 2009, Petitioner pled guilty in open court to one count of Possession with Intent to Distribute more than Five Kilograms of a Substance Containing Cocaine pursuant to 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A).  (08-cr-10043 Minute Entry of 3/13/2009).  On December 17, 2009, the Court sentenced Petitioner to a term of 48 months on the former count.  (08-cr-10043 Minute Entry of 12/17/2009).  The Court entered judgment on December 21, 2009.  (08-cr-10043 Doc. 40).  Petitioner now seeks to challenge his conviction and sentence for multiple reasons, including ineffective assistance of counsel.

Pursuant to 28 U.S.C. § 2255 and Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has reviewed Petitioner's filing to determine whether he might be entitled to relief.  For procedural reasons, the Court determines that he is not.

28 U.S.C. § 2255(f) imposes a one year period of limitations upon the filing of a motion attacking a sentence imposed under federal law. Absent (1) an unconstitutional governmental impediment to filing, (2) a newly recognized or retroactively applicable constitutional right, or (3) a subsequently discovered factual predicate for the claims for relief, the applicable limitations period begins on the date the challenged judgment becomes final. 28 U.S.C. § 2255(f)(1)-(4). Because Flores-Torres does not claim that (1)-(3) applies to this case, the applicable period of limitations in this case is one year from the date the judgment became final. This Court sentenced Petitioner on December 17, 2009 and entered the written judgment on his conviction on December 21, 2009. Since Flores-Torres did not appeal his conviction, his judgment became final fourteen days thereafter, when he could no longer seek appellate review. FED. R. APP. PROC. 4(b)(1)(A). Flores-Torres' Petition was not filed until June 13, 2011,[1] almost six months after his period of limitations expired. (Doc. 1).

The only explanation given by Flores-Torres for his ostensibly untimely filing is that it wasn't untimely because he claims that it was submitted to the prison authorities pursuant to the "Prison Mailbox Rule" for transmission to the Court within one year after this Court's December 17, 2009 sentence was entered. (Doc. 1 at 1-2). However, Petitioner fails to specify on what date he actually deposited his Petition with the prison authorities for mailing. Furthermore, he makes this statement on the first page of his brief, and not in the form of an affidavit. Simply

---

[1] The Priority Mail Envelope received by the Clerk's Office bears a postmark date of June 10, 2011. No other postmarks were found on any documents contained inside the Priority Mail Envelope.

put, Petitioner has failed to plead sufficient facts to allow the Court to draw the reasonable inference that he filed his motion within the one-year limitations period. Federal Rule of Civil Procedure 8(a)(2) as interpreted by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009) requires the pleading of sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Iqbal* at 1950. The only factual matter plead by Petitioner is the conclusory statement that the motion was "timely . . . submitted to prison authorities pursuant to the 'Prison Mailbox Rule' for transmission to this Court within one year after this Court's December 17, 2009 sentence was entered." Unfortunately, this conclusory allegation does not suffice. As stated in *Iqbal*, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Iqbal* at 1950-1951. Consequently, in the absence of any reasonable basis to find that the motion was timely filed within the limitations period, the Court finds the motion untimely and the Court is without jurisdiction to consider it.

For the foregoing reasons, the Court concludes that Flores-Torres' Petition is untimely. Consequently, Flores-Torres' Petition must be DISMISSED.

### CERTIFICATE OF APPEALABILTY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his section 2255 case if he obtains a certificate

of appealability. A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Further, where the district court denies a petition on procedural grounds, such as untimeliness, a petitioner must make a showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. PROC. 22(b)(1).

Based upon the record before it, the Court cannot find reasonable jurists would debate that Petitioner's claim is time-barred. While the Supreme Court held in *Houston v. Lack*, 487 U.S. 266 (1988) that a habeas petition which is timely deposited with the warden of a jail is considered timely filed, Petitioner has failed to plead facts sufficient to indicate that the holding in *Houston* may apply here to render timely his otherwise untimely Petition. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1) is DISMISSED, and a certificate of appealability is DENIED. IT IS SO ORDERED.

CASE TERMINATED.

Entered this 21st day of June, 2011.

s/ Joe B. McDade<br>JOE BILLY McDADE<br>United States Senior District Judge